```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION

STEPHEN B. JONES               §
(Tarrant No. 0676635)          §
VS.                            §   CIVIL ACTION NO.4:07-CV-042-Y
                               §
                               §
U.S. POSTAL SERVICE, et al.    §
```

OPINION and ORDER OF PARTIAL DISMISSAL UNDER 28 U.S.C. §§ 1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)

This case is before the Court for the review of pro-se plaintiff and inmate Stephen B. Jones's claims under the screening provision of 28 U.S.C. §§ 1915A and 1915(e)(2)(b). Jones's pleadings consist of the January 18, 2007, complaint and the May 18, 2007, more definite statement ("MDS"). In this action, Jones names as defendants the United States Postal Service; Dee Anderson, sheriff, Tarrant County, Texas; Robert Knowles, administrative chief, Tarrant County, Texas; and Tim Curry, district attorney, Tarrant County, Texas.[1] (Compl. Style; § IV(B); MDS at ¶¶ 204.) Jones complains that documents he attempted to mail to Elizabeth Berry, presiding judge, Criminal District Court Number 3, Tarrant County, Texas, were instead delivered by the Tarrant County jail mail room staff to the district attorney's office. (Compl. § V; MDS at ¶¶ 2-4.) Jones alleges that this was the result of incorrect policies and procedures administered by Sheriff Anderson, and done

---

[1] With regard to defendant United States Postal Service, plaintiff acknowledged in his more definite statement that this defendant should be removed from the case. (MDS ¶ 11.) Treating this as a stipulation to the Court under Federal Rule of Civil Procedure 41(a), United States Postal Service will be dismissed.

knowingly by the subordinates of Chief Deputy Robert Knowles. (MDS at ¶ 2, ¶ 4.) Jones complains that Curry signed for the documents and failed in his administrative duty to forward the papers to Judge Berry. (MDS at ¶ 3.) Jones represents himself in that court on multiple counts of making a false statement to obtain credit or property over $200,000. (MDS at ¶¶ 5-6.) He claims that the objective in sending the mailing to the court was "to inform the court of evidence that is available to exonerate Plaintiff." (Compl. § V, attachment page.) Jones seeks his "liberty," and a "monetary award in the amount of 10 million U.S. dollars for pain and suffering and punitive damages for rights violations." (Compl. § V.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity

---

[2]*Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[3]*See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

or governmental officer or employee as soon as possible after docketing.[4] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[5] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[6] After review of the complaint and more definite statement under these standards, the Court concludes that Jones's claims must be dismissed.

In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of the required elements of a § 1983 action: (1) that he has been deprived of a right secured by the Constitution or laws of the United States; and (2) that the defendants deprived him of such right while acting under color of law.[7] Plaintiff's allegations, in part, fail to satisfy the first element. Although Jones references a violation of his right to be free of cruel and unusual punishment, violation of due process, violation of the right to a fair trial, false imprisonment, and

---

[4] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[5] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[6] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[7] *See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir. 1993).

3

right to a speedy trial,[8] the Court has reviewed Plaintiff's factual claim as a violation of his fundamental constitutional right of access to the courts.[9] A prison official's interference with a prisoner's legal mail may violate the prisoner's constitutional right of access to the courts.[10] The Supreme Court has clarified the scope of a prisoner's right of access to the courts and found that a prisoner must allege an actual injury to support such a claim.[11] To satisfy this requirement, Jones must show that the failure to deliver the complained of documents hindered his efforts to assert a meritorious issue in state court.[12]

Jones has not done so. The allegedly failed mail delivery occurred in October 2006. Yet Jones acknowledges that charges remain pending against him, that since the filing of this suit he has been reindicted, and that he has been able to file other

---

[8] These claims are dismissed under the *Heck v. Humphrey*, 512 U.S. 477 (1994) analysis set forth *infra*.

[9] *See Bounds v. Smith*, 430 U.S. 817, 828 (1977)(recognizing prisoners' constitutional right of access to courts); *see generally Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 741 (1983)("[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances"); *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993)("Meaningful access to the courts is a fundamental constitutional right, grounded in the First Amendment right to petition and the Fifth and Fourteenth Amendment due process clauses")(quoting *Chrissy F. v. Mississippi Dept. Of Public Welfare*, 925 F.2d 844, 851 (5th Cir. 1991)).

[10] *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998).

[11] *Lewis v. Casey*, 518 U.S. 343, 351-54 (1996); *see also Ruiz*, 160 F.3d at 275 (5th Cir. 1998).

[12] *See McDonald v. Steward*, 132 F.3d 225, 230-31 (5th Cir. 1998) (noting that such a plaintiff must show prejudice to his position as a litigant)(citations omitted).

4

documents in state court, even though he has not obtained a response. (MDS at ¶¶ 5-6.) Jones has not recited harm to his position as a litigant on the pending criminal charges, and has not shown that he could not have re-submitted the information allegedly mis-delivered in another mailing to the state court. Thus, Jones's claim of interference with his constitutional right of access to court in this action does not amount to a violation of a constitutional right and must be dismissed under 28 U.S.C. § 1915A(b) and under 28 U.S.C. § 1915(e)(2)(B).

With regard to the remainder of Plaintiff's claims, the Court concludes that they are not cognizable under the doctrine announced in *Heck v. Humphrey*.[13] In *Heck*, The Supreme Court held that a § 1983 claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under § 1983 and does not accrue, until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[14] The underlying claims brought by the inmate in the *Heck* case included allegations that the prosecuting attorneys and a police investigator had engaged an unlawful investigation leading to his arrest, knowingly destroyed exculpatory evidence, and caused

---

[13]*Heck v. Humphrey*, 512 U.S. 477 (1994).

[14]*Heck,* 512 U.S. at 486-87.

an illegal voice identification to be used at his trial. The Court, analogizing the inmate's claims to the common-law cause of action for malicious prosecution, noted that just as that tort requires proof that the prior criminal proceeding has been resolved in favor of the accused, an inmate who seeks to recover damages for unconstitutional imprisonment or harm caused by an action whose unlawfulness would render a sentence invalid, must prove that the sentence has been set aside in the manner referenced above. The appropriate inquiry, then, is whether a judgment in favor of the plaintiff would necessarily imply the invalidity of a conviction or sentence. The Heck prohibition applies with equal force when the plaintiff is facing pending criminal charges if "a judgment in favor of plaintiff would necessarily imply the invalidity of a subsequent conviction or sentence."[15]

Jones claims that the information he sought to deliver to Criminal District Court Number 3 would "exonerate him," and that the "district attorney is purposely withholding truthful evidence from the judiciary court preventing it to render true liberty and justice." (Compl. § V, attachment.) Plaintiff's challenges to the alleged improper delivery of his letter by jail officials to the district attorney, and the district attorney's failure to provide the evidentiary information to the judge of the state court, if successful, necessarily would imply the invalidity of any

---

[15] *Hamilton v. Lyons,* 74 F.3d 99, 103 (5 Cir.1996).

subsequent conviction or sentence. Thus, his claims for monetary damages is not cognizable under § 1983 unless Plaintiff has satisfied the conditions set by *Heck*. Plaintiff has failed to establish that he has met the requirements set forth by the Supreme Court. Rather, Jones acknowledged that he has not filed any other lawsuit challenging his imprisonment, and he has not filed any challenges based on the events made the basis of this case in the Criminal District Court Number 3. (Compl. § I(A); MDS at ¶ 9.) Thus, Plaintiff remains in custody and has not shown that the alleged violation of his rights through interference by jail officials and the district attorney with his mailing to the court regarding exculpatory evidence, has been invalidated by a state or federal court. As a result, Plaintiff's claims for relief are not cognizable under § 1983, and must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii).[16]

Therefore, Plaintiff's claims against the United States Postal Service are DISMISSED WITHOUT PREJUDICE.

Plaintiff's claim for violation of his constitutional right of access to courts is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) and alternatively, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

All of Plaintiff's claims remaining claims are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck v. Humphrey*

---

[16] *See Heck*, 512 U.S. at 487-88.

conditions are met, under the authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).[17]

SIGNED July 10, 2007.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[17]See *Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).